IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER W. WEBB,        )
                            )
            Plaintiff,      )
                            )
v.                          )     Case No. CIV-15-386-M
                            )
WARDEN (RIOS);              )
C/M COBBINS; C/M PEREZ;     )
SGT. HILL; and C/M JONES,   )
                            )
            Defendants.     )

# REPORT AND RECOMMENDATION

Without first filing a civil rights complaint, Plaintiff filed a document entitled "Application for (TRO-INJUNCTION) – Motion to Seek Leave of Court-to-Amend-and Add the Following Supplemental Information." Doc. 1. In the document, Plaintiff complains about his lack of access to the prison law library and religious gatherings, and states that his access to toilet paper was delayed. *Id.* Plaintiff asks the court to issue an order moving him to a different section in the prison, and/or forcing prison officials to give him access to "legal work, church services, and property, and canteen." *Id.* at 4. Chief United States District Court Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends that the court dismiss the action without prejudice.

## I. The pleading's construction.

The court could construe Plaintiff's long title as seeking a temporary restraining order, a preliminary injunction, or an amendment to an ongoing action.[1] Plaintiff has had three other cases in this Court, but all are now closed. Doc. 3 (showing CIV-11-1477-M (closed Sept. 21, 2012), CIV-13-493-HE (closed June 18, 2013), and CIV-14-833-M (closed Nov. 12, 2014)). So, the undersigned does not construe the document as seeking leave to amend an ongoing action.[2] Further, it appears that Plaintiff has not given Defendants any legal notice regarding his request for injunctive relief. Thus, the undersigned construes Plaintiff's document as a motion for a temporary restraining order, rather than a request for a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(1), (b)(1).

---

[1] The Clerk of the Court docketed Plaintiff's filing as both a motion for a temporary restraining order, Doc. 1, and a motion for a preliminary injunction. Doc. 2.

[2] The undersigned also declines to interpret Plaintiff's pleading as a civil rights complaint. Although Plaintiff seeks "any other measures" the court "deems just," he primarily seeks a temporary injunction. Doc. 4. Indeed, Plaintiff calls his request a temporary injunction in the title, and explains that he informed Mr. Perez that he had two "TRO Injunctions" that he wanted to file. *Id.* at 2. Finally, Plaintiff filed civil rights complaints in his two prior § 1983 cases. *See* CIV-11-1477-M, Doc. 1; CIV-14-833-M, Doc. 1. This indicates to the undersigned that Plaintiff understands the difference between a complaint and a motion for a temporary restraining order and that he intended the underlying document to be the latter.

## II. Lack of available relief.

Plaintiff requests a temporary restraining order but has not filed a civil rights complaint. "The Federal Rules of Civil Procedure make clear that *only* a properly-filed 'complaint' can commence a civil action." *Powell v. Rios*, 241 F. App'x. 500, 505 n.4 (10th Cir. 2007) (citation omitted). Without an underlying complaint, this Court is powerless to grant Plaintiff any relief. *See id.* (rejecting plaintiff's claim that the district court erred in finding that he had "to file a complaint *in addition to* his motion for a temporary restraining order," because "[a]bsent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief" (emphasis in original)). So, the court should dismiss Plaintiff's action without prejudice. *See Cole v. Figueroa*, No. CIV-08-115-R, 2008 WL 542960, at *1-2 (W.D. Okla. Feb. 25, 2008) (unpublished order) (adopting magistrate judge's recommendation to dismiss plaintiff's request for injunction without prejudice on grounds that plaintiff had not filed an underlying complaint and the request for injunctive relief is therefore "treated as a nullity over which this Court has no jurisdiction").

## III. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends that the court dismiss Plaintiff's construed motion for temporary restraining order, Doc. 1, without prejudice. The court should inform Plaintiff that if he intends to file

a civil rights complaint, he should do so on this Court's civil rights form for 42 U.S.C. § 1983 actions. The court should also remind Plaintiff that he has accrued at least "three strikes" under the Prison Litigation Reform Act. *Webb v. Jones*, 525 F. App'x 773, 778 (10th Cir. 2013) (dismissing, in one combined order and judgment, Plaintiff's three appeals as frivolous, noting that Plaintiff had two district court-imposed strikes, and then "also impos[ing] three strikes, one for each appeal"). So, the court should caution Plaintiff that if he wishes to file a civil rights complaint, he will be required to pay the full $400.00 filing fee.

The undersigned advises Plaintiff of his right to object to this report and recommendation by the 7th day of May, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection to this report and recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the court's referral to the undersigned Magistrate Judge.

ENTERED this 17th day of April, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE